Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, Washington  98101
Telephone:   (206) 274-2800
Facsimile:   (206) 274-2801

Attorney for Defendants
DISCOUNT VIDEO CENTER, INC. d/b/a
Sin City Entertainment, General Video of
America, and sincityfilms.com; and RIGHT
ASCENSION, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGEL PICTURES INTERNATIONAL, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SIN CITY ENTERTAINMENT, INC., a California Corporation dba General Video of America Inc., in CityFilms.com and GameLink.com; RIGHT ASCENSION, INC., a Pennsylvania corporation dba DVD Empire.com and Adult DVD Empire; DATA CONVERSIONS, INC., a South Carolina corporation dba AEBN.com and Adult Entertainment Broadcast Network; PRIVATE MEDIA GROUP, INC., a Nevada corporation dba GameLink.com; GAME LINK, LLC, a Delaware limited liability company, dba GameLink.com; EXCALIBER ENTERTAINMENT, INC., a California corporation dba ExcaliburFilms.com; and DOES 1 – 10,<br><br>        Defendants. | Case No. 10-cv-9622-DDP (SSx)<br><br>**DEFENDANT  DISCOUNT VIDEO CENTER, INC.'S REPLY IN SUPPORT OF MOTION OF FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**AND**<br><br>**DEFENDANT  RIGHT ASCENSION, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(c)**<br><br>Date:    May 9, 2011<br>Time:   10:00 a.m.<br><br>The Honorable Dean D. Pregerson<br>Spring Street Courthouse |

1   In its Oppositions to the Motions for Partial Dismissal (Dkt. Nos. 47-48)

2   filed by Right Ascension and Discount Video Center, Inc. d/b/a Sin City

3   Entertainment (together, "Distributors"), Plaintiff Angel Pictures International, Inc.

4   concedes there is no basis for its Third Claim for Relief for alleged violation of

5   Cal. Bus. & Prof. Code § 17200. But its First and Second Claims for Relief are

6   equally unfounded with respect to the "Common Law Copyrighted Work" (named

7   "*P.S. I Love You: Pamela's Secret*").

8        Angel has no standing to sue for infringement of the Common Law

9   Copyrighted Work. Registration is an absolute prerequisite to filing an action for

10  copyright infringement. 17 U.S.C. § 411(a). But Angel fails to allege that it

11  registered the copyright for the Common Law Copyrighted Work. Since it has not

12  met an essential requirement for filing a copyright infringement suit, this Court

13  should dismiss its claims with respect to that work. There is no other basis for

14  seeking recovery for alleged infringement of the Common Law Copyrighted Work,

15  since federal statute preempts common law copyright actions. 17 U.S.C. § 301(a).

## I.    ARGUMENT

**A.    Angel lacks standing to bring a claim for copyright infringement.**

18       Angel has no standing to bring an action for copyright infringement relating

19  to the Common Law Copyrighted Work. The requirement for preregistration or

20  registration of the copyright is a non-jurisdictional, threshold element that a

21  plaintiff must satisfy before asserting a claim. *Reed Elsevier, Inc. v. Muchnick*, __

22  U.S. __ , 130 S. Ct. 1237, 1248, 176 L. Ed. 2d 18 (2010). But Angel has not

23  alleged it registered the Common Law Copyrighted Work. In *Gilbert v. New Line*

24  *Prods.*, 2009 U.S. Dist. LEXIS 130675, *6 (C.D. Cal. Nov. 16, 2009), this Court

25  dismissed an action for copyright infringement pursuant to 17 U.S.C. § 411(a). The

26  Court held as follows: "Plaintiff may not bring an action for copyright

27  infringement based on those aspects of the first screenplay that are unique to the

28  first version because *she has not obtained copyright registration* for the first

version of her work. *See* 17 U.S.C. § 411(a)." *Id.* (emphasis added).

Angel admits it has not confirmed that the Common Law Copyrighted Work is registered, which admission in its pleading is sufficient to require dismissal of the claim. (Complaint ¶ 20.) And it does not allege that *Angel* applied for or received the copyright registration for the Common Law Copyrighted Work. Rather, Angel avoids addressing the issue and instead reiterates the conclusion that "*P.S. I Love You: Pamela's Secret* has received copyright registration.".

Conclusory allegations and unwarranted inferences are not entitled to a presumption of truth on a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Angel alleges on information and belief "that a copyright also issued on the movie *P.S. I Love You: Pamela's Secret*." Four months after filing its complaint, Angel is still "seeking to confirm that registration." (Dkt. No. 47 at 3:2-3.) But Angel's conclusory allegation—that it believes someone registered the Common Law Copyrighted Work—is wholly insufficient to support its claims. Even if Angel's guess is correct and someone registered the work, Angel cannot allege that it registered the copyright, nor that Angel has the right to sue for copyright infringement. Accordingly, it cannot bring a claim for copyright infringement.

In *L.A. Printex Indus. v. Aeropostale*, 2010 U.S. Dist. LEXIS 46951 (C.D. Cal. May 5, 2010), this Court dismissed a copyright claim, holding that "[b]ecause LAP has not produced competent evidence establishing that it holds a valid copyright registration for the G70132 pattern, it cannot, as a matter of law, prevail on its copyright infringement claim." *Id.* at *16-17. The Court affirmed that "[i]n order to bring a claim for copyright infringement, a plaintiff must, with certain exceptions not relevant here, first demonstrate that it holds a valid and proper copyright registration. See 17 U.S.C. § 411(a)." *Id.* at *6-7. While the *L.A. Printex* court ruled on a summary judgment motion and this motion is brought on the pleadings, Angel's failure to allege that it registered the Common Law

1  Copyrighted Work establishes the fact that it does not hold a valid and proper

2  copyright registration. For that reason, Angel's claims should be dismissed.

3      A complaint "must contain sufficient factual matter, accepted as true , to

4  state a claim to relief that is plausible on its face ." *Ashcroft v. Iqbal*, 129 U.S.

5  1937 , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing Bell Atlantic Corp.*

6  *v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The

7  complaint does not allege that Angel satisfied an essential prerequisite—

8  registration—to filing a copyright infringement suit relating to the Common Law

9  Copyrighted Work.

10      The Common Law Copyrighted Work is either registered with the U.S.

11  Copyright Office, or it is not. Although Angel had no trouble verifying the

12  registration of two of the three works mentioned in its complaint, it cannot state as

13  a matter of fact that the third work was registered.

14      Because Angel has failed to make adequate allegations of copyright

15  ownership and registration with respect to the Common Law Copyrighted Work, it

16  has no standing to request any relief from this Court concerning that work. There is

17  no basis for alleging a common law claim for copyright infringement. The

18  Copyright Act specifically preempts "all legal or equitable rights that are

19  equivalent to any of the exclusive rights within the general scope of copyright." 17

20  U.S.C. § 301(a). The intention of Section 301 of the Copyright Act is to preempt

21  and abolish any rights under the common law or statutes of a state that are

22  equivalent to copyright and that extend to works within the scope of the federal

23  copyright law. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th

24  Cir. 2005); *see also Maljack Prods. v. GoodTimes Home Video Corp.*, 81 F.3d 881,

25  888 (9th Cir. 1996).

26

27

28

**B.     The law of this district favors ruling on Right Ascension's motion.**

Angel argues that this Court should deny Right Ascension's motion because "the pleadings are not closed" as required by Fed.R.Civ.P. 12(c). (Dkt. No. 48 at 2:7-8.) Angel points out that only Right Ascension filed an answer. It cites out-of-jurisdiction cases in support of its claim that "[o]rdinarily... a Rule 12(c) motion must await the answers of all defendants." (*Id*. at 5:14-15 (*citing Moran v. Peralta Community College District*, 825 F.Supp. 891, 894 (N.D.Cal. 1993)).

But Angel's cited authority is not controlling in *this* Court. In *City of Rialto v. United States Dep't of Defense*, 2005 U.S. Dist. LEXIS 26941 (C.D. Cal. Aug. 16, 2005), this court decided (and granted) a Rule 12(c) motion even though not all defendants had answered the complaint. The court provided that, while some other district courts required a Rule 12(c) motion to be brought after all answers were filed, "in light of the concurrent motions to dismiss attacking Claim Two on the same basis, judicial economy dictates that the Court decide this Motion now." *Id*. at *10 n. 2.

Delaying resolution of this motion because other defendants have not answered would be inefficient. The issue raised in this motion is between Angel and Right Ascension. Nothing in another defendant's pleading could change or inform the issues to be decided by this motion. Thus, this Court should follow *City of Rialto* and rule on Right Ascension's motion in the interest of judicial economy.

## II.     CONCLUSION

Angel concedes there is no basis for its Third Claim for Relief. And with respect to its Common Law Copyrighted Work, Angel fails to allege an essential jurisdictional prerequisite to an action for copyright infringement. It does not allege it registered the copyright in that work. The Distributors respectfully request this Court grant their Motions and dismiss the First and Second Claims for Relief with respect to the Common Law Copyrighted Work, as well as the Third Claim for Relief in its entirety.

1    Dated:        April 25, 2011.

2                          **NEWMAN DU WORS LLP**

3

4                  By:

5                        Derek A. Newman, State Bar No. 190467
                         derek@newmanlaw.com

6
                         Attorney for Defendants
7                        DISCOUNT VIDEO CENTER, INC. d/b/a
                         Sin City Entertainment, General Video of
8                        America, and sincityfilms.com; and RIGHT
                         ASCENSION, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFT. DISCOUNT VIDEO CENTER, INC.'S REPLY IN SUPPORT OF
MOT. FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(6)**