O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL PICTURES INTERNATIONAL, INC., a California corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>SIN CITY ENTERTAINMENT INC., a California corporation dba General Video of America Inc., SinCityFilms.com and GameLink.com; RIGHT ASCENSION, INC. a Pennsylvania corporation dba DVDEmpire.com and AdultDVDEmpire; DATA CONVERSIONS, INC., a South Carolina corporation dba AEBN.com and Adult Entertainment Broadcast Newtork; PRIVATE MEDIA GROUP, INC., a Nevada coporation dba GameLink.com; GAME LINK, LLC, a Delaware limited liability company dba GameLink.com; ~~EXCALBUR ENTERTAINMENT, INC., a California corporation dba ExcaliburFilms.com~~,<br><br>              Defendants.<br>_____ | Case No. CV 10-09622 DDP (SSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Motions filed on 3/11/2011, 3/17/2011, 3/22/2011, ] |

Plaintiff Angel Pictures International, Inc. alleges copyright infringement and contributory copyright infringement of its video content by Discount Video Center, Inc. (dba Sin City Entertainment Inc.); Right Ascension, Inc.; Data Conversions, Inc.; Private Media Group, Inc.; and GameLink, LLC.  Defendants GameLink, Inc.; Right Ascension, Inc.; and Discount Video Center, Inc. each now come before this court and individually move for dismissal of Plaintiff's complaint pursuant to 12(b)(6), 12(b)(1), and 12(c). After reviewing the papers submitted by the parties, considering the arguments therein, and hearing oral arguments, the court GRANTS in part and DENIES in part Discount Video Center, Inc.'s and Right Ascension, Inc.'s motions.  The court DENIES GameLink, Inc.'s motion.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted.  When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.  Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

2

Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

A party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when the moving party clearly establishes that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. See Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). For purposes of a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Id.

**III. Discussion**

Plaintiff argues that under section 106 of the Copyright Act of 1976, codified at 17 U.S.C. § 101 et seq., it has exclusive rights to reproduce, publically perform, and publically display its copyrighted videos. Specifically, Plaintiff claims the copyrights to the movies The Pamela Principle and The Pamela Principle #2 Hot Dam. (Compl. ¶ 19.) Plaintiff further states that it "is informed and believes, and on that basis alleges, that a copyright also

3

issued on the movie <u>P.S. I Love You: Pamela's Secret</u>."[1]  (<u>Id.</u> ¶¶ 19-20.)

Plaintiff avers that Defendants have infringed its rights by creating copies of the copyrighted works without Plaintiff's consent and by publically displaying the works without consent. (<u>Id.</u> ¶ 34.)  Plaintiff further alleges that Defendants have caused Plaintiff's copyrighted materials to be sold to third parties, which have then copied, displayed, and otherwise violated Plaintiff's copyrights.  (<u>Id.</u> ¶ 43.)  Plaintiff states that it has "never granted a license to any party to distribute [the three works at issue] in a non-DVD format," nor has it "granted any party a license to distribute [those same works] via video-on-demand, downloadable transfer or website streaming."  (<u>Id.</u> ¶¶ 22-23.) The court addresses the parties' motions in turn.

    A.    Right Ascension, Inc.'s and Discount Video, Inc.'s Motions[2]

        1.    12(c) motion

Defendant Right Ascension, Inc. filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Plaintiff contends that Right Ascension, Inc.'s motion is untimely because a

---

[1] Plaintiff explains that it "is seeking to confirm that registration, but at a minimum that movie, and all works derived from that movie, including all photographic images taken therefrom, is protected by common law copyright."  (Compl. ¶ 20.)

[2] Right Ascension, Inc.'s Motion to Withdraw from Motion to Dismiss (Dkt. No. 43) is unopposed and therefore GRANTED.
Accordingly, Right Ascension, Inc. and Discount Video Center, Inc. have brought individual motions for judgment on the pleadings and to dismiss respectively.  The two defendants, however, make almost identical arguments; therefore, the court addresses the two motions together.

4

Rule 12(c) motion may only be brought <u>after</u> the pleadings are closed and, in the present matter, only Right Ascension, Inc. has filed an answer to the complaint. (Pl.'s Opp'n to Right Ascension, Inc.'s Motion 5: 19-24.)

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable. <u>See</u> <u>William W. Schwarzer, et al.</u>, Federal Civil Procedure Before Trial § 9:319 (2003). In fact, the same standard applies to both. <u>See</u> <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989) (stating the standard for a motion for judgment on the pleadings); <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (stating the standard for a motion to dismiss). The primary difference between the two motions is the timing; a motion for judgment on the pleadings is usually brought after an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed. <u>See</u> <u>In re Villegas</u>, 132 B.R. 742, 744-45 (9th Cir. 1991). Because the two motions are analyzed under the same standard, a court considering a motion for judgment on the pleadings may give leave to amend and "may dismiss causes of action rather than grant judgment." <u>See</u> <u>Federal Civil Procedure Before Trial</u>, supra at § 9:341; <u>Moran v. Peralta Cmty College Dist</u>., 825 F. Supp. 891, 893 (N.D. Cal. 1993). In sum, the mere fact that a motion is couched in terms of Rule 12(c) does not prevent this court from disposing of the motion by dismissal rather than judgment. <u>See</u> <u>Amersbach v. City of Cleveland,</u> 598 F.2d 1033, 1038 (6th Cir. 1979). Therefore, the court considers Right Ascension, Inc.'s motion as it would a motion to dismiss and declines to grant judgment at this point.

2. Preemption

Defendants Right Ascension, Inc. and Discount Video Center, Inc. argue in their respective motions that this court should dismiss Plaintiff's common law copyright claims because such claims are preempted by the Copyright Act. (See, e.g. Pl. Right Ascension Inc.'s Motion 4: 14-16.) The Copyright Act specifically preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). "[N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." Id. The Ninth Circuit has explained that the rights protected under the Copyright Act include "the rights of reproduction, preparation of derivative works, distribution, and display." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005) (citing 17 U.S.C. § 106). However, if a state law claim includes an "extra element" that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act. See id.; Summit Mach. Tool Mfg. v. Victor CNC Sys., 7 F.3d 1434, 1439-40 (9th Cir. 1993).

Here, Plaintiff's First and Second claims of relief for infringement and contributory infringement respectively involve the allegedly unauthorized distribution, sale, reproduction, and display of Plaintiff's works. (Compl. ¶¶ 28, 30.) These are precisely the sort of claims anticipated and governed by the Copyright Act. Because Plaintiff does not allege an "extra element" that distinguishes any of its claims from those covered by the broad language of the Copyright Act, those claims are preempted

by the Copyright Act.  Accordingly, the court GRANTS Defendant Right Ascension, Inc.'s and Defendant Discount Video Center, Inc.'s motions to dismiss Plaintiff's First and Second claims in so far as they assert common law copyright claims.

Defendants Right Ascension, Inc. and Discount Video Center, Inc. go on to argue that any claim related to Plaintiff's work P.S.I Love You: Pamela's Secret must be dismissed.  Defendants argue that with respect to that work, Plaintiff has not alleged that it has registered the copyright and, therefore, cannot seek to recover damages for alleged infringement of that work.  (See, e.g., Pl. Discount Video Center's Motion 5: 12-15.)

Plaintiff, however, has alleged both ownership and registration of P.S. I Love You: Pamela's Secret in its complaint. (See Compl. ¶¶ 33, 20.)  On a motion to dismiss, the court must accept all allegations of material fact as true and construes them in the light most favorable to Plaintiff.  Accordingly, the court DENIES Right Ascension, Inc.'s and Discount Video Center, Inc.'s motions in so far as they seek to dismiss all claims concerning P.S. I Love You: Pamela's Secret for failure to plead copyright protection of that work.

Defendants Right Ascension, Inc. and Discount Vide Center, Inc. also move this court to dismiss Plaintiff's Third Claim for relief under California's Unfair Competition Law, Business and Professions Code section 17200.  Plaintiff does not oppose dismissal of that claim, and it is therefore DISMISSED.  (See Pl.'s Opp'n to Defendant Right Ascension, Inc's Motion 7:25-28.)

B.   GameLink, Inc.'s Motion

1    Defendant GameLink, Inc. moves this court to dismiss
2 Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed.
3 R. Civ. P. 12(b)(1).  GameLink, Inc. states that in November 2007
4 it entered into a license agreement (the "License Agreement") with
5 Plaintiff.  (Def. GameLink's Motion 1:21-22.)  GameLink, Inc.
6 argues that the License Agreement controls GameLink, Inc.'s use of
7 Plaintiff's works and that, by entering into the License Agreement,
8 Plaintiff has waived its right to sue GameLink, Inc. for copyright
9 infringement.  (Id. 2:25-26.)  Furthermore, GameLink, Inc. contends
10 that the License Agreement "[gave] GameLink the rights to stream
11 [Plaintiff's videos]," including the titles mentioned in the
12 complaint.  (Id. 3:7-9; 4:12-14.)  Finally, GameLink, Inc. cites to
13 an arbitration clause in the License Agreement and states that it
14 "reserve[s] the right]" to compel arbitration.  (Id. 8:9-11.)
15    GameLink, Inc.'s argument is premised on accepting GameLink,
16 Inc.'s construction of the License Agreement and the court
17 resolving disputed facts.  GameLink, Inc. would have the court
18 interpret the License Agreement to include the films at issue in
19 this suit because the License Agreement, GameLink, Inc. alleges,
20 included the rights to "any future new releases," and at least The
21 Pamela Principle, was a future release.  (Def. GameLink, Inc.'s
22 Motion 4:12-16.)
23    On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a
24 district court generally "may not consider any material beyond the
25 pleadings."  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th
26 Cir. 2001).  When "matters outside the pleadings are presented to
27 and not excluded by the court, the motion must be treated as one
28 for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Two

8

exceptions exist to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion: that material properly submitted as part of the complaint and material subject to judicial notice under Federal Rule of Evidence 201. Lee, 250 F.3d at 688-89. Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered on a 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

Here, the License Agreement was not alleged in the complaint nor was it attached to the pleading. Furthermore, the contents and terms of the document are disputed as are the release dates of the works at issue. This court may not take judicial notice of a fact that is subject to reasonable dispute. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, Defendant GameLink, Inc.'s motion to dismiss, in so far as it is based on GameLink, Inc.'s interpretation of the License Agreement, is DENIED.

GameLink further argues that Plaintiff's work P.S. I Love You: Pamela's Secret is unregistered, and that any related claims must be dismissed, and, finally, that Plaintiff has failed to plead its claims in such a manner so as to give GameLink, Inc. fair notice of the claims asserted. The court disagrees.

Plaintiff raises two claims of copyright infringement. Both claims are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969. While the court acknowledges

9

that there appears to be a License Agreement between GameLink, Inc. and Plaintiff, the court also understands that whether that agreement covers the works at issue is disputed.  Plaintiff argues that all of the works were completed prior to the License Agreement, and are therefore – even if the court were to take notice of the agreement – those works are not "future works."  At this point in time, it would be premature to resolve this dispute, which requires further factual development.  The court is not persuaded by GameLink, Inc's arguments related to the film <u>P.S. I Love You: Pamela's Secret</u> for the reasons discussed above in relation to Right Ascension, Inc. and Discount Video Center, Inc's motions to dismiss.  Accordingly, Defendant GameLink's motion to dismiss is DENIED.

**IV.  Conclusion**

   For the reasons stated above, Defendant Right Ascension, Inc.'s and Defendant Discount Video Center. Inc.'s motions to dismiss Plaintiff's common law copyright claims and Plaintiff's Third Claim for relief under California's Unfair Competition Law, Business and Professions Code section 17200 are GRANTED. Defendants motions to dismiss Plaintiff's claims concerning the film <u>P.S. I Love You: Pamela's Secret</u> are DENIED.  Defendant GameLink, Inc.'s motion to dismiss is DENIED.


IT IS SO ORDERED.


Dated: May 10, 2011

DEAN D. PREGERSON
United States District Judge