PHILIP GREEN (State Bar No. 92389)
BEVERLY R. GREEN (State Bar No. 92388)
LAW OFFICES OF GREEN & GREEN
1000 4th Street, Suite 595
San Rafael, California 94901
Telephone: 415.457.8300
Facsimile: 415.457.8757
Email: phil@iplegal.com

Attorneys for Defendants
GAMELINK, LLC and PRIVATE MEDIA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ANGEL PICTURES INTERNATIONAL, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SIN CITY ENTERTAINMENT INC., a California corporation, dba General Video of America Inc., SinCityFilms.com and GameLink.com; RIGHT ASCENSION, INC., a Pennsylvania corporation dba DVDEmpire.com and AdultDVDEmpire; DATA CONVERSIONS, INC., a South Carolina corporation dba AEBN.com and Adult Entertainment Broadcast Network; PRIVATE MEDIA GROUP, INC., a Nevada corporation dba GameLink.com; GAMELINK, LLC, a Delaware Limited Liability Company, dba GameLink.com; EXCALIBUR ENTERTAINMENT, INC., a California corporation dba ExcaliburFilms.com; and DOES 1 through 10,<br><br>    Defendants. | Case No.: CV-09622-DDP-SSx<br><br>**ANSWER TO COMPLAINT** FOR:<br>1. COPYRIGHT INFRINGEMENT<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. UNFAIR BUSINESS PRACTICES (CAL. B&P CODE §17200),<br><br><br><br>**COUNTERCLAIMS AGAINST PLAINTIFF ANGEL PICTURES**<br><br>and<br><br><br>**CROSSCLAIMS AGAINST DEFENDANT SIN CITY**<br><br>    DEMAND FOR JURY TRIAL |

| |
|---|
| GAMELINK, LLC, a Delaware Limited Liability Company, dba GameLink.com, and PRIVATE MEDIA GROUP, INC., a Nevada corporation dba GameLink.com, |
| Cross claimants |
| vs. |
| SIN CITY ENTERTAINMENT INC., a California corporation, dba General Video of America Inc., |
| Cross Defendant |

Defendant GAMELINK, LLC, a Delaware Limited Liability Company, and Defendant PRIVATE MEDIA for themselves only, (herein as "Defendants") as and for its Answer to the Complaint, allege as follows:

1. Defendants state that the allegations of Paragraph 1 amount to nothing more than legal conclusions and on that basis deny all of the allegations of Paragraph 1 of the Complaint.

2. Defendants, based on lack of information and belief, deny all of the allegations of Paragraph 2 of the Complaint.

3. Defendants, based on lack of information and belief, deny all of the allegations of Paragraph 3 of the Complaint.

4. Defendants, based on lack of information and belief, deny all of the allegations of Paragraph 4 of the Complaint.

5. Defendants, based on lack of information and belief, deny all of the allegations of Paragraph 5 of the Complaint.

6. Defendant PRIVATE MEDIA admits to the allegation that Private Media Group, Inc. is a Nevada corporation, that Private Media (also alleged as "PMG") shares trade on the NASDAQ exchange under PRVT. Among other things, PMG sells adult themed movies. Except as specifically admitted, Defendant PRIVATE MEDIA denies all of the allegations of Paragraph 6 of the Complaint. Defendant GameLink, LLC admits that it is a Delaware limited liability company with its principal place of business in San Francisco, California doing business as Gamelink.com ("Game Link") and that Game Link sells adult themed movies. Except as specifically admitted, Defendant GameLink denies all of the allegations of Paragraph 6 of the Complaint.

7. Defendants, based on lack of information and belief, deny all of the allegations of Paragraph 7 of the Complaint.

8. Defendants, based on lack of information and belief, deny all of the allegations of Paragraph 8 of the Complaint.

9. The allegations of Paragraph 9 of the Complaint amount to nothing more than legal conclusions and on that basis Defendants deny all of the allegations of Paragraph 9 of the Complaint.

10. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 10 of the Complaint.

11. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny all of the allegations of Paragraph 12 of the Complaint.

13. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants, based on lack of information and belief, deny all of Paragraph 14 of the Complaint.

15. Defendants deny all of the allegations of Paragraph 15 of the Complaint.

16. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 19 of the Complaint.

. 20. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny all of the allegations of Paragraph 23 of the Complaint.

24. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 24 of the Complaint.

. 25. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 25 of the Complaint.

26. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 27 of the Complaint.

28. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 28 of the Complaint.

29. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 29 of the Complaint.

30. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny all of the allegations of Paragraph 31 of the Compliant.

## ANSWER TO
## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

32. Defendants hereby re-allege and incorporate by this reference each and every denial, admission, and other answers to the allegation contained in Paragraphs 1 through 31, as though fully set forth herein.

33. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny all of the allegations of Paragraph 34 of the Compliant.

35. Defendants deny all of the allegations of Paragraph 35 of the Compliant.

36. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny all of the allegations of Paragraph 37 of the Complaint.

38. Defendants deny all of the allegations of Paragraph 38 of the Complaint.

39. Defendants deny all of the allegations of Paragraph 39 of the Complaint.

40. Defendants deny all of the allegations of Paragraph 40 of the Complaint.

41. Defendants deny all of the allegations of Paragraph 41 of the Complaint.

# ANSWER TO

# SECOND CLAIM FOR RELIEF

# CONTRIBUTORY COPYRIGHT INFRINGEMENT

42. Defendants hereby re-allege and incorporate by this reference each and every denial, admission, and other answers to the allegation contained in Paragraphs 1 through 41, as though fully set forth herein.

43. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 44 of the Complaint.

45. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny all of the allegations of Paragraph 46 of the Complaint.

47. Defendants deny all of the allegations of Paragraph 47 of the Complaint.

48. Defendants deny all of the allegations of Paragraph 48 of the Complaint.

49. Defendants deny all of the allegations of Paragraph 49 of the Complaint.

50. Defendants, based on lack of information and belief, deny all of the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny all of the allegations of Paragraph 51 of the Complaint.

## ANSWER TO

## THIRD CLAIM FOR RELIEF FOR UNFAIR BUSINESS PRACTICES

## (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET.SEQ.)

52. Defendants hereby re-allege and incorporate by this reference each and every denial, admission, and other answers to the allegation contained in Paragraphs 1 through 51, as though fully set forth herein.

53. Defendants deny all of the allegations of Paragraph 53 of the Complaint.

54. Defendants deny all of the allegations of Paragraph 54 of the Complaint.

55. Defendants deny all of the allegations of Paragraph 55 of the Complaint.

56. This Claim for Relief was dismissed by The Order of this Court on May 10, 2011 in its Order Granting In Part and Denying In Part Defendants Motions to Dismiss.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

AS A FIRST AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants are informed and believes and thereon alleges that Plaintiff was careless and negligent in and about the matters complained of, and that such carelessness and negligence contributed to the infringements complained of and the damages, if any, sustained thereby.

## SECOND DEFENSE

Failure to State Claims

Green & Green
1000 Fourth Street, Suite 595, San Rafael, CA 94901
(415) 457-8300   www.greenandgreen.com

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the Complaint fails to state claims against Defendant upon which relief can be granted.

### THIRD DEFENSE

Contributory Negligence

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the injuries complained of, if any, were contributed to by the Plaintiff's own negligence.

### FOURTH DEFENSE

Authorization & Waiver

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that plaintiff is not entitled to maintain this suit or to assert infringement by reason of laches and acquiescence and including the following: PLAINTIFF permitted Defendants to make electronically deliverable copies and to publish and sell the Works herein at issue under a written License Agreement for the Works.  Defendants were authorized by plaintiff to engage in the allegedly infringing conduct.  Plaintiff has waived its claims.

### FIFTH DEFENSE

Indemnity

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, others than Defendants are liable to Plaintiff and not these Answering Defendants for any alleged damages Plaintiff alleges in its Compliant made against these answering Defendants. Defendants including but not limited to Sin City lead these Answering Defendants to believe that distributors of

Plaintiff's Works had released new Titles for purposes including them in a certain Video Streaming License between GameLink and Plaintiff.

Plaintiff allowed Defendants GameLink and Private Media to rely on certain facts in such a way that Defendants will be harmed if PLAINTIFF is permitted to repudiate or deny those facts. The Facts include but are not limited to a certain video streaming License Agreement wherein PLAINTIFF allowed Defendant GameLink to sell video streamed version the Works it now complains of.

## SIXTH DEFENSE

Estoppel

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, the Defendants allege that the plaintiff is estopped from claiming Defendants had no license agreement as described in the complaint for the reason that at the time these Defendants were in a written License Agreement with Plaintiff and, the plaintiff, with knowledge the License was in place and that Defendants were selling the Works. In order to induce the Defendants to continue to sell the Works at issue stated to the defendant in February, 2008 that they only needed to take down one Work, *P.S. I Love You* (the unregistered Work). Defendants were ignorant of the true facts. Defendants believed the statements and fully relied thereon, and continued to sell the other Works and pay royalties to the distributor therefore, all to Defendants' injury and damage.

## SEVENTH DEFENSE

Invalidity of Copyrights

AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, to the Complaint on file herein, these answering Defendants aver that the alleged Copyrights are invalid as to these Defendants; Plaintiff's written Licensee of the rights to sell via the internet, the Works at issue

waives its alleged right to make a claim for infringement. Also, the Work entitled, *P.S. I Love You: Pamela's Secret*, is not entitled to protection under the Copyright Act as it is not registered.  This Court held in an Order of May 11, 2010 "dismiss[ed] Plaintiff's First and Second claims in so far as they assert common law copyright claims…." in the Work P.S. I Love You: Pamela's Secret.

### EIGHTH  DEFENSE

Fair Use

AS AN  EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants are informed and believe the alleged uses by these Defendants are fair and proper under the totality of the circumstances.

### NINTH  DEFENSE

Fraud in Procurement of Copyright

13.   AS A  NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering  Defendants allege that the Plaintiff's copyrights were procured by fraud and by hiding information from the Copyright Office during the registration process.

### TENTH  DEFENSE

Statute of Limitations

14.   AS A  TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, all acts complained of against these Defendants, if any, all such acts being expressly denied, were going on or had accrued to Plaintiff if at all, prior to the applicable statute of limitations, before Plaintiff filed this Action.

**ELEVENTH DEFENSE**

Equitable Estopple

15. AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, Defendants aver that Plaintiff was aware of Defendants, or should have been aware of Defendants by and through a written License Agreement between GameLink and Plaintiff, using the alleged copyrighted Works and, having permitted such uses, and Plaintiff cannot now complain of use by these licensed Defendants of such Works.

16. Such permission or tolerance has resulted in a loss of some equitable defenses, which make it unfair, unjust and inequitable for the Plaintiff to now seek to enforce its rights against these Defendants at this time.

**PRAYER TO ANSWER OF DEFENDANTS GAMELINK AND PRIVATE MEDIA**

Wherefore, Defendants GameLink and Private pray, based on their Answer, that:

1. The Plaintiff take nothing by reason of the Complaint,
2. That this Court declare the copyrights are all invalid, void and of no force and effect such that they are denied legal effect to protect against the alleged acts of Defendants.
3. That these Defendants have not infringed any rights of Plaintiff.
4. That Defendant GameLink has a valid License Agreement with Plaintiff and that Defendant Private benefits by that License as to any potential liability herein,
5. That Defendants herein be awarded reasonable attorney fees and costs; and
6. Such other and further relief as this Court deems just under the circumstances.

[Rest of page intentionally left blank]

## COUNTERCLAIMS AGAINST PLAINTIFF ANGEL PICTURES

As a counterclaim against Plaintiff Angel Pictures, Defendants GameLink and Private allege as follows:

1. All allegations, answers, denials, admissions and defenses pleaded herein are incorporated herein by this reference.

2. This Court has jurisdiction over this Counterclaim under 28 USC § 1367(a).

3. All matters alleged in this Counterclaim arise from the same transaction or occurrences alleged by Plaintiff Angel in its complaint.

## COUNTERCLAIM - COUNT ONE FOR MISREPRESENTATION

4. On or about November 29, 2007 Plaintiff Angel entered into a License Agreement with Defendant GameLink and provided to GameLink the rights to sell the Works alleged by Plaintiff via the Internet through video streaming and video on demand and by other electronic means.

5. On or about February 10, 2008, Plaintiff asked Defendant GameLink to remove one of the titles, PS I LOVE YOU: PAMELA'S SECRET, on information and belief, an unregistered work, from the GameLink catalog, which it did so remove from sale.

6. In reliance on the request to remove one title and with the License Agreement still in place, and the foregoing not intended to be any form of admission of violation of any rights whatsoever, or any waiver of any defense, GameLink alleges that it continued to rely on the written License Agreement to sell the other Works online until June, 2010 when it received a Cease & Desist Letter from Counsel for Plaintiff Angel. At that time, without any admission whatsoever, GameLink removed all Angel Works from its online catalog.

7. Plaintiff has now named GameLink in the Action to its detriment and damage.

8. GameLink and Private have been damaged by the assertions made by Plaintiff Angel in its inducing the License Agreement, entering into such agreement, making some adjustment based thereon and then leading Gamelink and Private (for a period of time) to believe it was in compliance.

### COUNTERCLAIM - COUNT TWO FOR BREACH OF CONTRACT

9. Counter-Claimants hereby incorporate the allegations of Counterclaim Paragraphs 1-8 herein as if set forth fully.

10. GameLink and Private fully performed all agreements, terms and conditions they were contracted to do under the written License Agreement with Angel Pictures.

11. Therefore, GameLink and Private assert this Counter Claim against Plaintiff for breach of contract of the License Agreement and for misrepresentations by Plaintiff Angel.

12. Wherefore Counter-Claimants seek damages according to proof against Plaintiff Angel

### PRAYER TO COUNTER CLAIMS

Wherefore, Counter-Claimants demand:

1. That Plaintiff shall take nothing on Plaintiff's action against Counterclaimants;

2. That Counterclaimants be awarded judgment against Plaintiff

3. That no injunctions, orders or other liability that Counterclaimants may have, or may be found to have, or may become liable to Plaintiff Angel, as Defendants accrue to Counterclaimants;

4. That Counterclaimants be awarded costs of this action and reasonable attorney's fees; and

5. That the court grant such further relief as it may deem proper.

## CROSSCLAIMS AGAINT DEFENDANT SIN CITY ENTERTAINMENT, INC., DOING BUSINESS AS GENERAL VIDEO OF AMERICA, INC., AND SINCITYFILMS.COM ("SIN CITY")

As CROSSCLAIMS under FRCivP 13(g), against Co-Defendant SIN CITY ENTERTAINMENT, INC., referred to herein as a Cross-Defendant, Defendants and Cross-Claimants GAMELINK, LLC, and PRIVATE MEDIA, referred to as Cross-Claimants herein, allege:

1. This is a civil action seeking monetary relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 501 *et seq.*

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a) and (b).

3. This Court has personal jurisdiction over Cross-Defendant Sin City. Cross-Defendant Sin City solicits, transacts and is doing business within the State of California; has committed tortious acts both within and outside the State of California causing injury in California; and is regularly conducting or soliciting business or engaging in a persistent course of conduct in the State of California.

4. Venue is proper in this district as to this Crossclaim, pursuant to 28 U.S.C. §§ 1391(b)(2), (c) and 28 U.S.C. § 1400(a).

5. On information and belief, Sin City Entertainment is and was at all relevant times a California corporation with its principal place of business in Los Angeles County, California doing business as General Video of America, Inc., and SinCityFilms.com ("Sin City").

6. Sin City is in the business of distributing adult-oriented entertainment content. Sin City undertook the activities and caused the injuries and damages complained of in this Cross-Claim in this judicial district.

7. This is a Crossclaim in the same action for copyright infringement, involving the same Works as stated by Angel Pictures in its Complaint.

8. The court should exercise jurisdiction over this action pursuant to Section 1338 (a) of Title 28 of the United States Code, have original jurisdiction over Copyright claims.

## CROSSCLAIM - COUNT ONE - INDEMNITY

9. Cross-Claimants hereby incorporate and re-allege the statements contained in this Crossclaim at Paragraphs 1-8 as if fully set forth herein.

10. As more clearly appears below, the action for copyright infringement, which is alleged in the Complaint filed by Angel Pictures is based on the facts alleged therein, and Cross - Defendant is liable to Cross-Claimants for all claims asserted by Plaintiff against Cross-Claimants.

11. On or about November 11, 2007, GameLink and Sin City entered into a DVD Purchase Agreement (the "Purchase Agreement") whereby Sin City sold, certain titles of Angel Pictures Works in DVD format to Video On Demand and transferred and distributed, the titles including but not limited to "THE PAMELA PRINCIPAL," and "PS I LOVE YOU" and "HOT DAM" (herein the Works).

12. These titles were acquired for the purposes of the License Agreement between Angel and GameLink.

13. GameLink received the titles and across the boxes that these Works were contained in a red banner displays the words SIN CITY as the distributor of these titles.

14. GameLink believed and still believes that SIN CITY had the rights to send the Angel Works to GameLink for use under its Angel License Agreement.

15. GameLink entered into a license agreement with Angel Pictures on November 28, 2007. The GameLink License Agreement provided that GameLink had the right to sell these and other Angel Titles via video on demand, a video streaming service.

16. The physical distribution by Sin City of the Angel Title DVDs to GameLink was intended to supply GameLink with the films for sale under the Angel License Agreement. In reliance, GameLink placed these and other Licensed Angel Titles into its catalog for sale.

17. GameLink relied on the facts as represented by Sin City including but not limited to that Sin City had the rights to distribute these Angel Works to GameLink for its ultimate use under the GameLink – Angel License Agreement.

18. GameLink paid royalties to Sin City as the distributor of the Works in the amount, on information and belief to be $979.00.

19. GameLink and its parent company, Private Media have been named as Defendants in the current action that is causing further damage by the distribution of the Works to GameLink by Cross Defendant.

20. GameLink and Private Media are owed indemnity and compensation for all their costs in defending this Action, and for any and all amounts they may become liable to under Plaintiff's alleged claims.

### CROSSCLAIMS PRAYER FOR RELIEF

WHEREFORE, Cross-Claimants and each of them, demand:

1. That Plaintiff shall take nothing on Plaintiff's action against Cross-Claimants;

2. That Cross-Claimants be awarded judgment against Cross-Defendant Sin City for any injunctions, orders or other liability that Cross-Claimants may have, may be found to have, or may become liable to Plaintiff Angel, as Defendants;

3. That in the event that Cross-Claimants are held liable to Plaintiff Angel in any monetary amount, that Cross-Claimants be awarded judgment against Cross-Defendant in that amount;

4. That Cross-Claimants be awarded costs of this action and reasonable attorney's fees; and

5. That the court grant such further relief as it may deem proper.

RESPECTFULLY SUBMITTED,

DATED:  May 18, 2011

_____

PHILIP GREEN, Attorney for PRIVATE MEDIA GROUP, INC. and GAMELINK, LLC